| | |
|---|---|
| DISTRICT COURT<br>PUEBLO COUNTY, COLORADO<br><br>320 West 10th Street<br>Pueblo, Colorado 81003<br><br>Plaintiff:   Tiffany Lopez<br><br>v.<br><br>Defendant:   American Family Insurance Group | DATE FILED: December 6, 2017 11:05 AM<br>FILING ID: 9C034763D175D<br>CASE NUMBER: 2017CV30888<br><br><br><br><br><br><br><br><br><br>**COURT USE ONLY** |
| Attorney for Plaintiff:<br>Chad T. Wilson, #50736<br>Chad T. Wilson Law Firm, PLLC<br>1001 Bannock Street, Suite 239<br>Denver, Colorado 80204<br>Phone:   (303) 495-3999<br>Fax:   (281) 940-2137<br>Email:   eservice@cwilsonlaw.com | Case Number:   2017CV<br><br><br><br><br>Division                Courtroom |

**Complaint and Jury Demand**

COMES NOW PLAINTIFF, Tiffany Lopez, by and through her attorneys, Chad T. Wilson Law Firm, PLLC, and Complains against the above named Defendant as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, Tiffany Lopez, is an individual who resides in Pueblo County, Colorado.

2. Upon information and belief, Defendant, American Family Insurance Group, is a corporation organized under the laws of Wisconsin, and authorized to do business in Colorado.

3. This Court has jurisdiction over the subject matter of this action and the parties hereto.

4. Venue is proper in Pueblo County, pursuant to C.R.C.P 98.

**GENERAL ALLEGATIONS**

5. American Family Insurance Group (hereinafter "American Family" or "Defendant") issued Policy Number 8668814318 (hereinafter the "Policy") to Tiffany Lopez (hereinafter "Lopez" or "Plaintiff") insuring property located at 2307 Mountain Valley Court, Pueblo, Colorado 81003 (hereinafter the "Property") at all times relevant herein.

6. Lopez was the direct beneficiary of a valid policy of insurance purchased from American Family which provided coverage for hail, wind, and storm damage sustained by the Property as a result of a storm that occurred on or about May 8, 2017.

7. In order to repair the damaged property, Lopez filed a claim with American Family shortly after sustaining the property damage. American Family acknowledged the claim and assigned it number 00865073690.

8. American Family then hired or employed Scott Zarling to adjust the claim. Zarling, on behalf of American Family, initially inspected the Property on or about June 6, 2017.  Zarling found that there was damage to 36 shingles, roof vent, furnace vent, flashing, gutters, fascia, widows, and storage shed. In total, Zarling found $4,646.04 in damages to the Property.  After application of the policy deductible and withholding for depreciation, Lopez was left with only $2,702.17 to complete proper repairs to her home.

9. Despite American Family's intentionally low damage estimate, the storm caused severe damage to the roof and exterior of the home. The storm also compromised the integrity of the roof causing water to enter the Property, which damaged the kitchen, living room, and dining room.  Damage to the Property is currently estimated at $28,616.74.

10. Although Lopez provided to American Family the necessary documentation evidencing her losses and establishing American Family's obligation to pay for those losses, American Family has refused to pay Lopez the full benefits due under her Policy.

11. These actions by American Family were taken in bad faith, with the intent of delaying payment and reducing the covered benefit that American Family would have to pay on the damage claims submitted by Lopez.

12. American Family's actions constitute a breach of the express duties set forth in the Policy as well as the implied contractual duties of good faith and fair dealing that American Family owes to Lopez.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

13. Paragraphs 1 through 12 are incorporated by reference as if fully set forth herein.

14. The Policy issued by American Family contained an express or implied covenant of good faith and fair dealing.

15. Lopez paid premiums and otherwise performed all conditions precedent to recovery of benefits under the contract.

16. American Family breached the express and implied terms of the insurance contract by failing to pay the full amount due under the contract and by failing to act reasonably and in good faith in investigating and resolving the Lopez' claims.

17. As a direct, immediate and proximate result of American Family's breaches of contract, Lopez has suffered injuries, damages, and losses, in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

18. Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

19. American Family entered into an insurance contract with Lopez and issued a policy that provided coverage for property damage.

20. Lopez paid premiums and otherwise performed her obligations under her insurance contract with American Family.

21. As an insurer, American Family owed certain general duties to its insured, including the duty of good faith and fair dealing, the duty to timely and fully investigate insurance claims, the duty to communicate with the insured, and the duty to attempt to reasonably settle the claims.

22. American Family breached these duties to Lopez by delaying or denying payment of covered benefits without a reasonable basis.

23. American Family acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:

    a. Failing to properly investigate and evaluate Plaintiff's claims for Policy Benefits;
    b. Failing to pay Plaintiff the full benefits owed under the Policy;
    c. Failing to pay amounts under the Policy in a timely manner;
    d. Failing to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims;
    e. Failure to give equal consideration to Plaintiff's rights and interests as it has given its own interests;
    f. Depriving Plaintiff of the benefits and protections of the contract of insurance;
    g. Compelling Plaintiff to institute litigation in order to recover amounts due under the Policy; and
    h. Other conduct to be revealed through discovery.

## THIRD CLAIM FOR RELIEF
### (Statutory Bad Faith Pursuant to C.R.S. §§ 10-3-1113(3), 1115, 1116)

24. Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

25. Plaintiff was and is a first-party claimant who was owed benefits directly or on behalf of an insured under an insurance policy.

26. American Family accordingly had a statutory duty not to unreasonably delay or deny benefits to Plaintiff.

27. American Family delayed or denied payment of covered benefits to Plaintiff without a reasonable basis for that action.

28. As a direct and proximate result of American Family's unreasonable delay and denial, Plaintiff has suffered injuries, damages, and losses in an amount to be proven at trial.

29. Plaintiff is entitled to all remedies allowed by C.R.S. § 10-3-1116, including two times the covered benefit, reasonable attorney fees, and court costs.

WHEREFORE, Tiffany Lopez prays for Judgment in her favor and against American Family Insurance Group for compensatory damages in an amount that will fully compensate her for all of her injuries, damages and losses; statutory damages equal to two times the covered benefit; reasonable attorney fees and costs; interest on such sums as is provided by law; and such other and further relief as this Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

Dated this 6th day of December, 2017.

Respectfully Submitted,

*/s/ Chad T. Wilson*
Chad T. Wilson #50736
ATTORNEY FOR PLAINTIFF
A printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.